Case 1:16-cv-00125   Document 5   Filed on 03/09/17 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 09, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VICENTE MURO GOMEZ, § <br> Movant, § <br> § <br> § <br> v. § <br> § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | <br> <br> <br> <br> Case No. 1:16-cv-125 <br> (Criminal No. 1:10-cr-1055-1) <br> <br> <br> |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Vincente Muro Gomez's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dkt. No. 1-2) and "Memorandum in Support of His Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," (Dkt. No. 1) (herein after Gomez's "Motion" or § 2255 Motion").[1]  For the reasons provided below, Gomez's § 2255 Motion lacks merit.  Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Gomez's § 2255 Motion be summarily dismissed with prejudice.  Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## I. Jurisdiction

---

[1] Gomez submitted his motion and memorandum in separate mailings. As such, the memorandum was filed by the Clerk's Office on June 13, 2016, while the motion was filed on June 27, 2016.

This Court has jurisdiction over Gomez's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II.  Procedural History

On October 5, 2010, Gomez pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of a felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1).  *See United States of America v. Vincente Muro Gomez*, No. 1:10-cr-1055-1, Dkt. No. 21 at 1.[2]  On January 11, 2011, United States District Judge Hilda Tagle sentenced Gomez to 33 months of imprisonment and a two-year term of supervised release. *Id*. at 1-2.  Judgment was entered on January 13, 2011. *Id.* at 1.  Gomez did not file a direct appeal.  However, after his release from custody, Gomez was again unlawfully found in the United States.  On February 25, 2015, Gomez again pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of a felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1).  *See United States of America v. Vincente Muro Gomez*, No. 1:15-cr-111-1, CR Dkt. No. 23 at 1.  Judge Tagle sentenced Gomez to 57 months imprisonment and gave him an additional 6 month sentence for the violation of the supervised release pertaining to his 2010 conviction.  *Id.* at 2; *United States of America v. Vincente Muro Gomez*, No. 1:10-cr-1055-1, CR Dkt. No. 28 at 2.  Gomez filed his instant § 2255 Motion on June

---

[2]  Hereinafter, Gomez's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

13, 2016. Dkt. No. 1.³ In his § 2255 Motion, Gomez claims that he is entitled to relief pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015). Dkt. No. 1 at 2.

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

Gomez claims that he is entitled to § 2255 relief pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Dkt. No. 1 at 2. In *Johnson*, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), to Samuel James Johnson's sentence.

---

³ As mentioned above, Gomez signed his Motion with the date June 22, 2016. The Motion's first filing, however, was received and filed by the Clerk's Office on June 13, 2016.

*Johnson*, 135 S. Ct. 2551, 2555. The ACCA requires federal courts to impose a minimum fifteen-year term of imprisonment upon repeat offenders who are convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g). 18 U.S.C. § 924(e). In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'" *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). The Supreme Court did not reach the issue of whether its ruling would

apply retroactively. *Id.* at 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at *1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in *Johnson* did not address retroactivity). However, on April 18, 2016, in *Welch v. United States*, the Supreme Court held that the rule in *Johnson* is retroactively applicable. *Welch v. United States*, ___ U.S. ___ 136 S. Ct. 1257, 1268 (2016).

Unfortunately for Gomez, *Welch* and *Johnson* do not apply to his case. As noted above, the Supreme Court in *Johnson* reviewed the lower court's application of § 924(e) to Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. In Gomez's case, the Court did not sentence him pursuant to § 924(e). In fact, in sentencing him for violating 8 U.S.C. §§ 1326(a) and 1326(b)(1), the Court did not apply any enhancement for the use or possession of a firearm. *See* CR Dkt. No. 17 (Final Presentence Investigation Report); CR Dkt. No. 21 (Judgment); CR Dkt. No. 22 at 1 (Statement of Reasons, adopting the Final Presentence Investigation Report ("PSR) "without change"). Instead, the Court applied an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a prior conviction of a crime of violence. *See id.* A crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) is defined as "any of the following offenses under. . . state. . . law: . . . robbery. . . . U.S.S.G. § 2L1.2(b)(1)(A)(ii), Application Notes (1)(B)(iii). As shown by his PSR, Gomez was previously convicted of Aggravated Robbery, and sentenced to seven years in the custody of the Texas Department of Corrections. Dkt. No. 17 at 5. Sections 2L1.2(b)(1)(A)(ii), as applied to Gomez, does not incorporate any clauses resembling those recently found unconstitutional in *Johnson*, or more recently, in *United States v. Gonzalez-*

*Longoria*.[4] Thus, regardless of its retroactive application, the rule in *Johnson* does not provide Gomez with a right to § 2255 relief. As he raises no other grounds for relief, his § 2255 Motion should be dismissed with prejudice for lack of merit.

### V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898

---

[4] 813 F.3d 225 (5th Cir. 2016), *reh'g en banc ordered*, 815 F.3d 189 (discussing the application of U.S.S.G. § 2L1.2(b)(1)(C), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague).

(5th Cir. 2000). A certificate of appealability should not issue in this case because Gomez has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that Gomez's § 2255 Motion be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 9th day of March, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**